IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert W. Johnson,<br><br>            Plaintiff,<br>    v.<br><br>Officer Ponticello,<br><br>            Defendant. | Case No. 6:24-cv-5076-RMG<br><br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this *pro se* action be dismissed with prejudice, without leave to amend and without issuance and service of process. (Dkt. No. 9). The Magistrate Judge further recommended that the Court enter an order restricting Plaintiff's ability to file additional actions in this district because of his long history of filing "vexatious, harassing, [and] duplicative lawsuits" in numerous districts across the country. (*Id*. at 6-9, 11-42). Plaintiff filed no objections to the R & R. As set forth below, the Court adopts the R & R as the order of the Court, dismisses this action with prejudice without leave to amend and without issuance and service of process, and adopts the recommended prefiling restrictions on Plaintiff regarding future filings in this district.

I.   **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See*

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note). Further, a failure to time file written objections to the R & R results in a waiver of the right to appeal from the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 152-53 (1985).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

II.     Discussion

Plaintiff has a long history of filing frivolous lawsuits in literally dozens of judicial districts across the country. These suits are itemized over 31 pages as Exhibit A to the R & R. The particular claim asserted in this action, a claim against a law enforcement officer for failing to arrest a person who allegedly trespassed on his property, should properly be brought (if not frivolous) in the Northern District of New York. The Magistrate Judge stated that the filing of this action in the District of South Carolina was an apparent effort to circumvent prefiling restrictions that had been imposed on Plaintiff by the Northern District of New York, with the hope

that the Court would transfer the action to the Northern District of New York because of the lack of venue in the District of South Carolina. (Dkt. No. 9 at 4).

The Court agrees with the Magistrate Judge that the claim is frivolous because there is no constitutional right to demand the prosecution of another. (*Id*. at 5-6).  The Magistrate Judge is correct in noting the abusive nature of this filing, since Plaintiff filed the identical suit in the District of Colorado, the District of Nevada, and the Eastern District of New York. (*Id*. at 4-5).

The Court further agrees with the Magistrate Judge that imposing prefiling restrictions on Plaintiff is necessary and appropriate to prevent further abusive filings in this district. The Magistrate Judge accurately set forth the standards for the imposing of prefiling restrictions on non-prisoner *pro se* litigants established in *Cromer v. Kraft Foods North America, Inc*., 390 F.3d 812, 817 (4th Cir. 2004) and correctly concluded that each of the *Cromer* standards was met in this matter. (*Id*. at 6-10).  The Court therefore adopts the Magistrate Judge's recommendations for prefiling restrictions. (*Id*. at 9-10).

**III.    Conclusion**

The Court **ADOPTS** the R & R (Dkt. No. 9) as the Order of the Court, **DISMISSES** the action with prejudice without leave to amend and without issuance and service of process, and **IMPOSES** the following prefiling restrictions on Plaintiff:

1. For any non-habeas actions commenced by the Plaintiff in this Court, the Plaintiff is required to submit the full filing fee to the Clerk of Court at the time of his initial filing. If a filing by the Plaintiff is not accompanied by a full filing fee, the Clerk of Court is authorized to assign a civil action number (for docket control purposes) and the assigned Magistrate Judge will forward the case to the assigned United States District Judge for an order dismissing the action without prejudice and without issuance and service of process.

2. These filing restrictions do not apply to any criminal case in which Plaintiff is a named Defendant.

3. Plaintiff may file a motion to modify or rescind the order imposed by these restrictions no earlier than two years from the date of entry.

**AND IT IS SO ORDERED.**

                                                 s/ Richard Mark Gergel
                                                Richard Mark Gergel
                                                United States District Judge

November 12, 2024
Charleston, South Carolina